UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-against- 1:16-CR-00300 (LEK)

JONATHON JONES,

Defendant.

---

**DECISION AND ORDER**

On June 28, 2018, Defendant Jonathon Jones pled guilty to "conspiracy to possess with intent to distribute and to distribute a controlled substance," specifically, cocaine. Dkt. No. 438 at 1, 3 ("Plea Agreement"). This Court then sentenced Defendant to 120 months imprisonment, to be followed by eight years of supervised release. Dkt. No. 601 at 2–3 ("Judgment"). Defendant was also subject to a $100 assessment, and a $25,000 money judgment. *Id.* at 6–7. Defendant began his term of supervised release on September 5, 2023. Dkt. No. 922 at 1 ("Response").

Defendant now files a motion for early termination of supervised release. Dkt. No. 921 ("Motion"). The Government opposes the motion. *See* Resp. For the reasons set forth below, Defendant's Motion is denied.

Per the relevant statute, "[t]he Court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). As the Second Circuit has explained, "[o]ccasionally, changed circumstances . . . will render a previously imposed term or condition of release either too harsh or inappropriately

tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (citing 18 U.S.C. § 3553(a)). "[E]arly termination of supervised release is . . . only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior." *Karacsonyi v. United States*, 152 F.3d 918, at *1 (2d Cir. 1998) (unpublished table decision). However, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

Defendant argues that he has been in "full compliance with all conditions of supervision." Mot. at 3. Additionally, Defendant notes that he has undergone significant rehabilitation, such as by being employed, paying child support, and undergoing "[o]ngoing counseling and therapy." *Id.* Defendant claims that he has "remain[ed] alcohol, tobacco, and drug-free," and "poses no danger to the community." *Id.* Therefore, Defendant concludes that the section 3553(a) factors favor early termination. *Id.* at 4.

The Government counters that Defendant has tested positive for cocaine since beginning supervised release. Resp. at 2. Additionally, the Government rests its argument on the claim that, even if Defendant has had "good behavior," it is not "exceptional," and therefore not worthy of early termination. *Id.* at 2–3. The Government also observes that eight years was the minimum to which Defendant could have been sentenced to supervised release. *Id.* at 3.

The Court agrees with the Government that Defendant has not shown "exceptionally good behavior." *Karacsonyi*, 152 F.3d at *1. Even putting aside the positive cocaine test, Defendant's "full compliance" with the supervised release conditions and his significant but not unusual steps toward rehabilitation were "what is expected of a person under the magnifying glass of supervised release." *McKay*, 352 F. Supp. 2d at 361. The Court has considered the

section 3553(a) factors, particularly "the need for the sentenced imposed . . . to reflect the seriousness of the offense," and find that they do not weigh in favor of early termination. *See* 18 U.S.C. § 3553(a).

Accordingly, it is hereby:

**ORDERED**, that Defendant's motion for early termination of supervised release, Dkt. No. 921, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 19, 2026
Albany, New York

LAWRENCE E. KAHN
United States District Judge